IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ) <br> ELECTRICAL WORKERS LOCAL ) <br> UNION NO. 22/N.E.C.A. HEALTH AND ) <br> WELFARE TRUST FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GENESIS ELECTRICAL SERVICES, INC.,) <br> ) <br> Defendant. ) | 8:08CV43 <br><br> ORDER |

This matter is before the court on the defendant's Motion to Stay or in the Alternative Motion for Leave to File Third Party Complaint for Declaratory Relief (Filing No. 40). The defendant filed a brief (Filing No. 41) and an index of evidence (Filing No. 42) in support of the motion. The plaintiffs filed a brief (Filing No. 45) and an index of evidence (Filing No. 46) in opposition to the motion. The defendant filed a brief (Filing No. 47) and an index of evidence (Filing No. 48) in reply. The plaintiffs filed a supplemental brief (Filing No. 49) and an index of evidence (Filing No. 50). Finally, the defendant filed a brief (Filing No. 53) and an index of evidence (Filing No. 52) in response.

**BACKGROUND**

This action arises pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132 and 1145. The plaintiffs allege they are fiduciaries and employee benefit plans, pursuant to ERISA, seeking to collect fringe benefit contributions from the defendant, an employer. **See** Filing No. 1 - Complaint. The plaintiffs allege the defendant is obligated to pay certain fringe benefit contributions into the plaintiff benefit funds pursuant to collective bargaining agreements (CBAs) entered into between the defendant and International Brotherhood of Electrical Workers, Local Union No. 22 (IBEW Local 22). *Id.* ¶ 17. The plaintiffs allege the defendant is in breach of the agreement by its failure to make contributions based upon

covered work performed by the defendant's employees, since December 2006. *Id.* ¶¶ 21, 23. The defendant denies benefit contributions are owed. **See** Filing No. 8 - Answer.

Previously, the defendant sought summary judgment on the plaintiffs' claims because the defendant asserts it withdrew and cancelled its letters of assent to the collective bargaining agreements (CBAs) at issue. Specifically, the defendant alleged the letters of assent were withdrawn when the defendant obtained one-man unit status, without any intentions to hire additional workers to perform work in the bargaining units. The defendant contends any obligation to make fringe benefit contributions arose from those CBAs, and such obligation ended when the CBAs were terminated. However, on October 3, 2008, the court denied the defendant's motion for summary judgment. **See** Filing No. 38. The court held the defendant's repudiation of the agreements based on its one-employee unit status may relieve the defendant of its obligation to negotiate with the IBEW Local 22, however it does not relieve the defendant of its contractual obligations regarding the plaintiff benefit funds. *Id.* p. 11.

On October 23, 2008, the defendant filed the instant motion to stay. The defendant seeks a stay pending the outcome of Case No. 17-CB-6414 pending before the National Labor Relations Board (NLRB). The defendant filed the NLRB charge on October 8, 2008. On November 26, 2008, the NLRB dismissed the charge. Specifically, the decision relates to whether the IBEW Local 22 violated the National Labor Relations Act by filing a grievance against the defendant or by filing this lawsuit. Because IBEW Local 22 did not pursue its grievance against the defendant, nor is IBEW Local 22 a party to this action further NLRB proceedings were not warranted. On December 8, 2008, the defendant appealed the regional director's dismissal decision.

In the alternative to a stay, the defendant seeks leave to file a third party complaint against the IBEW Local 22 for declaratory judgment on the issue of whether the defendant reached a one-man unit and repudiated the CBAs. The defendant contends determining whether the CBAs were repudiated is an issue which should be resolved prior to a determination of the merits of the plaintiffs' claims. The defendant asserts the outcome of such an action against IBEW Local 22 would significantly affect the outcome of the present case. Finally, the defendant argues it is unfair to proceed in this action when an adverse

judgment would have a negative financial impact on the defendant and may result in double payments for its employees' benefits.

The plaintiffs deny any charge before the NLRB against IBEW Local 22 would have any impact on the present case because the current status of any contractual relationship between NLRB and IBEW Local 22 does not change the defendant's obligation to the plaintiff benefits funds.  Further, the plaintiffs argue the defendant should not be permitted to file a third-party complaint because the defendant's request is not timely, would be prejudicial to the plaintiffs, was made without following the proper procedures.  Substantively, the plaintiffs contends the stated claim against IBEW Local 22 does not properly belong in this matter because IBEW Local 22 would not be liable to the defendant on the plaintiffs' claims.

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). Further, "a district court may, in its discretion, choose to stay its proceedings pending an NLRB determination with respect to the collective bargaining agreement if the stay would serve the interests of fairness, efficiency and judicial economy without impairing the legislative intent underlying ERISA section 515." *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 316 (2d Cir. 1990).

Here, the defendant filed a charge with the NLRB against IBEW Local 22, a non-party.  The regional director issued a decision dismissing the matter.  Even though the defendant has appealed the regional director's dismissal decision it appears a stay in this matter would not serve the interests of fairness, efficiency or judicial economy without impairing the legislative intent underlying ERISA section 515.  This court has already determined that assuming the defendant does have a one-man unit and the defendant

3

repudiated the CBAs, the plaintiffs' action must proceed under the law of the Eighth Circuit Court of Appeals. Neither a stay of this matter nor an outcome favorable to the defendant before the NLRB will change the law governing this case. Accordingly, the court will not stay this matter.

Similarly, the court will deny the defendant's request to file a third-party complaint. Leave of court is required by Federal Rule of Civil Procedure 14(a)(1) based on the timing of the defendant's motion. Rule 14(a)(1) further provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a ***nonparty who is or may be liable to it for all or part of the claim against it***." Fed. R. Civ. P. 14(a) (emphasis added). "Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965). Here, the defendant does not dispute the proposed non-party would not be liable to the defendant on the plaintiffs' claims. In any event, based on this court's prior ruling regarding summary judgment, resolution of the claim against IBEW Local 22, as proposed, would not have any impact on the issues before this court on the plaintiffs' claims. For these reasons, the defendant's motion to file a third-party complaint will be denied. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Stay or in the Alternative Motion for Leave to File Third Party Complaint for Declaratory Relief (Filing No. 40) is denied.

2. A telephone conference with the undersigned magistrate judge will be held on **January 9, 2009, at 10:00 a.m.** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Plaintiffs' counsel shall initiate the call.

Dated this 18th day of December, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge