# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22/N.E.C.A. HEALTH AND WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br> vs.<br><br>GENESIS ELECTRICAL SERVICES, INC.,<br><br>    Defendant. | 8:08CV43<br><br>ORDER |

   This matter is before the court on the motion of Harding & Shultz, P.C., L.L.O., William A. Harding and Adam J. Prochaska to withdraw as counsel for the defendant (Filing No. 62).  Moving counsel filed an affidavit in support of the motion (Filing No. 62 - Ex. A Prochaska Aff.).  Counsel states there is a conflict between the defendant and counsel, which prevents counsel from further representation of the defendant.  Counsel state they made attempts, but were unable to resolve the conflict.  The movants have served a copy of the motion on the defendant.

   The court notes no substitute counsel has yet appeared in this matter for the defendant.  "[A] corporation may appear in the federal courts only through licensed counsel."  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).  The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*."  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel").  In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct*, 86 F.3d at 857.  As an initial matter, the defendant shall have an opportunity to respond to the motion to withdraw.  If the defendant fails to respond or

obtains substitute counsel, the court will grant the motion to withdraw. In the event the motion to withdraw is granted, failure to have substitute counsel enter an appearance may result in an order striking the answer and claims of the defendant and entry of default. **See** [Fed. R. Civ. P. 55](). However, counsel shall not be given leave to withdraw as attorneys for the defendant until substitute counsel has entered an appearance or other order of the court. Accordingly,

**IT IS ORDERED:**

1. Harding & Shultz, P.C., L.L.O., William A. Harding and Adam J. Prochaska's motion to withdraw as counsel for the defendant ([Filing No. 62]()) is held in abeyance until April 2, 2009.

2. The defendant shall have until **on or before April 2, 2009**, to file a response to the motion to withdraw with the Clerk of Court. If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3. Moving counsel shall immediately serve a copy of this order on the defendant and file a certificate of service therefore.

DATED this 5th day of March, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge