IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22/N.E.C.A. HEALTH AND WELFARE TRUST FUND, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV43 |
| vs. | ) ) | ORDER |
| GENESIS ELECTRICAL SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

      This matter is before the court on the motion of Harding & Shultz, P.C., L.L.O., William A. Harding and Adam J. Prochaska (Harding & Shultz) to withdraw as counsel for the defendant (Filing No. 62), the plaintiffs' Motion to Strike Defendant's Answer (Filing No. 73), and the plaintiffs' Motion for Attorneys' Fees Incurred Responding to Defendant's Motion for Protective Order (Filing No. 76). The plaintiffs filed a brief (Filing No. 74) and an index of evidence (Filing No. 75) in support of their motion to strike. The plaintiffs filed an index of evidence (Filing No. 77) in support of the motion for attorneys' fees.

      Harding & Shultz filed an affidavit in support of the motion to withdraw (Filing No. 62 - Ex. A Prochaska Aff.). Counsel state there is a conflict between the defendant and counsel, which prevents counsel from further representation of the defendant. Counsel state they made attempts, but were unable to resolve the conflict. The movants have served a copy of the motion on the defendant. Similarly, counsel served this court's March 5, 2009 order on the defendant. **See** Filing No. 64. The March 5, 2009 order held moving counsel's motion in abeyance for one month to allow the defendant an opportunity to object to the motion or obtain substitute counsel. The defendant filed no response.

      The court notes no substitute counsel has yet appeared in this matter for the defendant. The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 857 (8th Cir. 1996); **see also United States v. Van Stelton**, 988 F.2d 70, 70 (8th Cir. 1993) (noting that

a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct*, 86 F.3d at 857.

Under the circumstances, the court concludes good cause exists for Harding & Shultz to withdraw as attorneys for the defendant. **See** NEGenR 1.3(f). Further, this court allowed the defendant additional and ample opportunity to obtain substitute counsel, which the defendant failed to do. Therefore, default is appropriate based on the defendant corporation's failure to obtain counsel.

The plaintiffs seek an award of attorneys' fees in the amount of $779.00. **See** Filing No. 76. The plaintiffs seek the award in connection with their response to the defendant's motion for protective order. The defendant sought protection for Bryant Moran from a deposition scheduled for March 11, 2009, due to the defendant's counsel's then-pending motion to withdraw. **See** Filing No. 65. The plaintiffs opposed the motion based on the defendant's failure to confer and an ongoing difficulty in scheduling Mr. Moran's deposition. **See** Filing No. 69. The court held a telephone conference with counsel for the parties on March 9, 2009, and resolved the motion. At that time, the court has determined an award of reasonable fees was appropriate. **See** Filing No. 71. The award the plaintiffs now seek is based on 4.10 hours attorney time billed at a rate of $190.00 per hour for two different attorneys. **See** Filing No. 76. The time includes the effort spent drafting an eight-page brief, with an index of evidence, and preparing for and participating in the court's telephone conference. The court finds the amount sought is reasonable under the circumstances. Accordingly,

**IT IS ORDERED:**

1.  Harding & Shultz, P.C., L.L.O., William A. Harding and Adam J. Prochaska's motion to withdraw as counsel for the defendant (Filing No. 62) is granted.

2.  The plaintiffs' Motion to Strike Defendant's Answer (Filing No. 73) is granted.

3. Since Wellington Capital Group failed to have substitute counsel enter an appearance, the Clerk of Court shall strike the answer and counterclaim of defendant Wellington Capital Group and enter default against Wellington Capital Group. The entry of default will be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of the defendant prior to entry of default judgment.

4. The plaintiffs' Motion for Attorneys' Fees Incurred Responding to Defendant's Motion for Protective Order (Filing No. 76) is granted.

5. The plaintiffs are awarded reasonable costs and attorney's fees in the **amount of $779.00** for responding to the defendant's Motion for Protective Order (Filing No. 65). The Clerk of Court shall, at the time of entry of judgment in this case, make this award a part of the judgment entered, unless before that time the parties certify that the award has been satisfied.

5. Harding & Shultz shall immediately serve a copy of this order on the defendant and file a certificate of service therefore.

DATED this 8th day of April, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge